SHERMAN COUNTY BANK, A CORPORATION, APPELLANT, v. LORETTA LONOWSKI, INDIVIDUALLY, AND LORETTA LONOWSKI, ADMINISTRATRIX OF THE ESTATE OF EDWARD M. LONOWSKI, DECEASED, APPELLEE.

289 N. W. 2d 189

Filed February 26, 1980. No. 42453.

C. Patrick Shaughnessy, Jr., of Shaughnessy, Shaughnessy & Shaughnessy, for appellant.

Paul Mathew, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action by the plaintiff bank for foreclosure of a real estate mortgage given to secure an indebtedness of $20,000. The District Court found that the plaintiff was entitled to foreclosure, but also found that defendant was entitled to the setoff of two jointly held certificates of deposit which the plaintiff bank had applied against her husband's individual indebtedness after his death. The District Court found the amount due and owing to plaintiff from

defendant to be $7,841.81, and ordered foreclosure. The plaintiff bank has appealed.

On May 20, 1975, Edward M. Lonowski and his wife, Loretta Lonowski, the defendant in this action, executed and delivered to the plaintiff bank a promissory note and real estate mortgage in the sum of $20,000, payable in semiannual installments commencing November 20, 1975. Edward M. Lonowski died August 10, 1975. No payments were made on the note and mortgage.

On September 8, 1975, Loretta Lonowski was appointed administratrix of the estate of Edward M. Lonowski. The plaintiff bank filed a claim against the estate of Edward M. Lonowski in the total principal sum of $37,400, $20,000 of which was the principal amount of the note and real estate mortgage involved here, and $17,400 of which was the principal amount of various notes executed by the decedent individually. The total claim was allowed on January 30, 1976, and by later nunc pro tunc order was corrected to show that the $20,000 mortgage indebtedness was allowed as a contingent claim and the $17,400 as an allowed claim.

Each of the promissory notes executed by Edward M. Lonowski individually provided: "Payee shall have at all times a security interest in and right of set-off against any deposit balances of the maker(s) and endorser(s) hereof, and may at the time, without notice, apply the same against payment of this note or any other obligations of the undersigned to the bank, whether due or not regardless of the existence or amount of any other security held by the bank."

Two automatically renewable certificates of deposit with the Sherman County Bank, with interest compounded quarterly, were issued and outstanding at the times relevant here. Both were in the names of Edward M. Lonowski or Loretta Lonowski, either or survivor. The principal amount due on the last

compounding date was $5,282.67 on CD No. 2564, and $9,660.89 on CD No. 2310.

On March 18, 1976, the two certificates of deposit were cashed by the bank for the respective amounts of $5,340.96 and $9,707.34 and applied on the promissory notes executed by Edward M. Lonowski individually.

In October 1977, the plaintiff bank filed this proceeding to foreclose the real estate mortgage given to secure the promissory note in the principal sum of $20,000 executed on May 20, 1975, by Edward M. Lonowski and the defendant. The bank alleged that no amount had been paid on principal or interest and the entire amount was due and owing.

The defendant's answer asserted the right to setoff in the sum of $15,048.30 against the real estate mortgage indebtedness because the plaintiff bank had converted such certificates of deposit and applied them to the payment of individual indebtedness of Edward M. Lonowski rather than to indebtedness of the defendant.

The District Court found that on March 18, 1976, the defendant, Loretta Lonowski, individually, was the sole owner of certificates of deposit Nos. 2310 and 2564, on which the total amount of principal and interest then due was $15,048.30. The court found that the plaintiff bank had applied the sums due on the two certificates of deposit to the individual indebtedness of Edward M. Lonowski, but that instead the sum of $15,048.30 should be credited to the real estate mortgage note upon which the defendant had remaining liability to the plaintiff bank. The District Court determined the balance due on the real estate mortgage note after such credit was $7,841.81, and ordered foreclosure for that amount. The plaintiff bank has appealed.

The bank's position on appeal is that Edward M. Lonowski, as a joint owner of the certificates of deposit, pledged the certificates as security for his in-

dividual indebtedness, and that the possession of the certificates by the bank gave it a perfected security interest in the certificates superior to the interest of Loretta Lonowski, the surviving joint owner of the certificates, and authorized the bank to set off the certificates against the individual indebtedness of Edward M. Lonowski after his death.

Following the entry of judgment in the District Court, the bank filed a motion to reopen the record to show that the certificates were in its possession at the time the certificates were set off, and offered to prove that the certificates were in its possession at the time the individual promissory notes were executed, and that delivery of possession was intended to secure the payment of the individual promissory notes. The trial court denied the motion to reopen the record, and also ruled that such evidence would not alter the judgment of the court.

It should be noted at the outset that the statutes applicable to the factual situation presented in this case have been repealed and replaced by other provisions of the Uniform Probate Code which became operative January 1, 1977.

Prior to January 1, 1977, section 8-136, R. R. S. 1943 (Reissue 1974) (since repealed), was in effect. That section provided: "When a deposit in any bank in this state is made in the name of two or more persons, deliverable or payable to either or to their survivor or survivors, such deposit, or any part thereof, or increase thereof, may be delivered or paid to either of such persons or to the survivor or survivors in due course of business." This court held that the statute fixed the property rights of the persons named in the deposit where compliance with the statute has been had, and that upon the death of one payee, the survivor takes the whole legal title, free of any debts of the deceased unless a contrary intent affirmatively appears from the terms of the deposit. DeForge v. Patrick, 162 Neb. 568, 76 N. W. 2d 733.

Prior to January 1, 1977, at all times relevant here, there was also a statute providing for a limited right of recovery against a surviving joint tenant by a creditor or personal representative of the decedent under specified conditions. That statute is not relevant here, nor was there any attempt to comply with it. See § 30-624, R. R. S. 1943 (Reissue 1964) (since repealed).

Courts dealing with the setoff factual situation presented in the case now before us have generally held that a bank may set off a debt owed it by one of the owners of a joint deposit standing in the names of the debtor and another where the right to setoff is exercised during the debtor's lifetime, but that the right to setoff terminates with the death of the debtor where the deposit passes to the nondebtor depositor as surviving joint tenant. See Annotation, 68 A. L. R. 3d 192. The basis of such holdings is that the debtor can grant the right of setoff only to the extent of his own interest in the joint account, and that upon his death he no longer has any interest and the right of setoff is determined by the time of exercise of the right. See, Savings Bank v. Holzer, 175 Md. 481, 2 A. 2d 639; Commercial Banking Co. v. Spurlock, 238 Ga. 123, 231 S. E. 2d 748.

Under the statutes effective prior to January 1, 1977, and at all times relevant here, the plaintiff bank, whether it had possession of the joint certificates of deposit or not, had the right to set off the debt owed by Edward M. Lonowski individually against the joint deposit represented by the certificates only where the right to setoff was exercised during Edward M. Lonowski's lifetime. The interest of Edward M. Lonowski in the joint deposit and the right of the bank to setoff against it terminated with his death, and title to the joint deposits passed to the defendant, free of the individual pledge or debt of her husband.

It should again be pointed out that the Uniform

Probate Code effective in Nebraska on January 1, 1977, effectively codified the law of multiple-party bank accounts, and relegated cases such as the present one to "something of an historical footnote." See §§ 30-2701 to 30-2713, inclusive, R. R. S. 1943. Volkmer, Nebraska Law of Concurrent Ownership, Creighton L. Rev., Vol. 13, No. 2, p. 513 (Dec. 1979).

The judgment of the District Court is affirmed.

AFFIRMED.

KRIVOSHA, C. J., not participating.