REPUBLICAN VALLEY BANK, A NEBRASKA BANKING CORPORATION, APPELLEE AND CROSS-APPELLANT, V. SECURITY STATE BANK, A NEBRASKA BANKING CORPORATION, APPELLANT AND CROSS-APPELLEE.

426 N.W.2d 529

Filed July 29, 1988.   No. 86-987.

Margaret M. Manhart, of Sherwood Law Office, for appellant.

Bruce E. Sandahl, of Person, Dier & Person, for appellee.

HASTINGS, C.J., CAPORALE, GRANT, and FAHRNBRUCH, JJ., and JOHN MURPHY, D.J.

FAHRNBRUCH, J.

Security State Bank (Security Bank) and Republican Valley Bank (Republican Bank) each claim the right to two certificates of deposit owned by Robert W. and Bonnie J. Fish. After a bench trial, the Furnas County district judge found that each bank was entitled to one certificate of deposit.

Security Bank appealed, claiming entitlement to both certificates of deposit. Republican Bank cross-appealed, also claiming entitlement to both certificates. We hold that Republican Bank is entitled to the proceeds from both

certificates of deposit.

Where a law action is tried to the court without a jury, the findings of fact of the trial court have the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong. *Kramer v. Mid-Western Development, Inc.*, ante p. 86, 425 N.W.2d 336 (1988); *Russell v. Board of Regents*, 228 Neb. 518, 423 N.W.2d 126 (1988); *Allen v. AT&T Technologies*, 228 Neb. 503, 423 N.W.2d 424 (1988).

The Fishes purchased from Security Bank certificates of deposit No. 81122 on February 3, 1982, and No. 82183 on September 14, 1983. At that time, the Fishes were indebted to Security Bank in an amount greater than the total value of the two CDs. However, the record does not reflect that the CDs were ever pledged to Security Bank as collateral for the indebtedness.

On April 1, 1983, the Fishes assigned CD No. 81122 and, on September 16, 1983, CD No. 82183 to Republican Bank as security for a preexisting loan. Republican Bank took possession of both certificates of deposit.

The Fishes subsequently defaulted on their indebtedness at Security Bank, but that bank took no immediate action on the CDs. In July of 1985, Republican Bank sought to cash the two CDs at the request of a bank examiner. Security Bank informed Republican Bank that it intended to exercise its right of setoff against the CDs. This right was exercised on July 31, 1985.

The trial court found that Security Bank was entitled to CD No. 81122. It further found that Republican Bank was entitled to CD No. 82183 because that certificate did not have a box checked next to the phrase "not transferable except on the [bank's] books."

On appeal, Security Bank assigns as error the trial court's finding that an assignee of a certificate of deposit acquires a priority to the proceeds greater than the right of setoff of a depository bank. In its cross-appeal, Republican Bank assigns as error the trial court's finding that its interest in CD No. 81122 was inferior to the right of setoff claimed by Security Bank.

The question before this court is whether a bank may exercise its right of setoff with deposits which have been assigned by the depositor to a third party. This is a case of first impression in

Nebraska. Consequently, we look to other states for guidance.

Briefs for both parties contain arguments regarding applicability of Neb. U.C.C. art. 9 (Reissue 1980). Section 9-104 states, "This article does not apply . . . (i) to any right of set-off." Obviously, article 9 is not applicable to this case as far as setoffs are concerned.

The Texas Court of Civil Appeals was faced with a similar factual situation in *First Nat'l Bk. in Grand P. v. Lone Star Life Ins. Co.*, 524 S.W.2d 525 (Tex. Civ. App. 1975). T.H. Hamilton purchased a CD at First National, then assigned the CD to Lone Star under a security agreement. The bank had actual notice of Lone Star's interest in the CD. Hamilton defaulted on loans from the bank and from Lone Star. The bank attempted to offset Hamilton's loans against the CD, and Lone Star sued.

Lone Star argued that the rule announced in *National Indemnity Co. v. Spring Branch State Bank*, 162 Tex. 521, 348 S.W.2d 528 (1961), should apply. *National Indemnity* held that a bank may not set off a depositor's funds against the debt of the depositor when it knows that a third party has an interest in those funds. In *Lone Star*, the Texas Court of Civil Appeals noted that *National Indemnity* was decided before the adoption of the Uniform Commercial Code in Texas. In holding for Lone Star, the Texas appeals court applied article 9 of the Texas Uniform Commercial Code to the setoff. The court refused to permit the bank to set off the CD against Hamilton's debt, thereby affirming the decision of the trial court. The Texas Supreme Court refused the bank's writ of error and allowed the judgment to stand. However, it expressly rejected the intermediate court's finding that article 9 applied to setoffs, impliedly approving the *National Indemnity* rule. *1st Nat. Bk. of Gr. Prairie v. Lone Star L. Ins.*, 529 S.W.2d 67 (Tex. 1975).

In 1986, the U.S. Court of Appeals for the Fifth Circuit applied Texas law in another case with similar facts in *Citibank (New York State), N.A. v. Interfirst Bank*, 784 F.2d 619 (5th Cir. 1986). In *Citibank*, a small business, Country Junction, purchased a CD from Interfirst and then pledged it as security with Citibank. After Country Junction filed a chapter 11 petition for relief under the Bankruptcy Code, Interfirst set off the proceeds of the certificate against Country Junction's debt.

Later, Citibank presented the certificate to Interfirst and demanded payment, which was refused.

Citing *National Indemnity*, the U.S. Court of Appeals found that, under Texas law, "a bank cannot validly setoff funds which it knows or should know are held for the benefit of a third party or which belong to a third party." 784 F.2d at 621. The court noted the Texas Supreme Court's conclusion that article 9 did not govern in setoff cases. Instead, the above-quoted rule was applied, with a judgment in favor of Citibank. A similar rule has been followed in Wisconsin. *First Wis. Nat. Bank v. Midland Nat. Bank*, 76 Wis. 2d 662, 251 N.W.2d 829 (1977), held that plaintiff's security interest in funds represented by certificates of deposit precluded the defendant bank from exercising setoff against those funds. The Texas rule is logical and sensible. Accordingly, we adopt the rule and hold that, when a bank has notice of a third party's interest in funds on deposit, the bank may not set off those funds against the antecedent debt of the depositor.

In Nebraska, a bank's right of setoff is governed by the time of the exercise of the right. *Sherman County Bank v. Lonowski*, 205 Neb. 596, 289 N.W.2d 189 (1980). Therefore, the question becomes: Did Security Bank have notice of the Fishes' assignment to Republican Bank before it exercised its right of setoff?

Dwight L. Bash, executive vice president of Republican Bank, testified he called Security Bank sometime in July of 1985 to inquire about cashing the CDs. At that time he informed Security Bank vice president, Loraine M. Schoen, of the assignment and was told by her that Security Bank intended to exercise its right of setoff. Republican Bank also produced exhibit 5, a copy of a letter from Bash to Schoen, dated April 26, 1985, informing Schoen of the assignments.

Schoen testified that she was not certain when she spoke with Bash regarding the CDs, but believes it was after the bank had already set off the deposits. Schoen also did not remember receiving a copy of exhibit 5, but admitted that the letter could have been placed in the Fish file without her seeing it.

The trial judge found that before exercising its right of setoff, Security Bank had notice that the two CDs involved here

were assigned to Republican Bank. After reviewing the record, we cannot say the trial judge's finding was clearly wrong.

Since Security Bank had notice of Republican Bank's interest in the Fish CDs, it could not validly set off the proceeds of those CDs against the Fish antecedent debt. Accordingly, Republican Bank was entitled to both certificates of deposit. The trial court's judgment must be and is affirmed as to CD No. 82183.

In its cross-appeal, Republican Bank urges this court to reverse the trial court's judgment regarding CD No. 81122. The words "not transferable except on the [bank's] books" are printed next to a box on the face of each CD. The box on CD No. 81122 is checked; however, the box on CD No. 82183 is blank. The trial court found this difference in the certificates to be the controlling factor, awarding No. 81122 to Security Bank and No. 82183 to Republican Bank. We have concluded that this language on the face of the certificates is not relevant to the issues in this case.

In *In re Estate of Sheimo*, 261 Iowa 775, 156 N.W.2d 681 (1968), the Supreme Court of Iowa considered whether certificates of deposit found in a decedent's safety vault box belonged to the decedent's estate or to the payees named on the certificates. Each certificate included the words "transferable only on the books of this bank." The Iowa court held that this language meant only that the CDs were nonnegotiable instruments. We agree with the Iowa Supreme Court and find that the statement "not transferable except on the [bank's] books" is simply another way of saying the certificate is not negotiable.

The CDs at issue were clearly not negotiable. They do not meet the requirements of a negotiable instrument specified in Neb. U.C.C. § 3-104 (Reissue 1980). Also, the word "non-negotiable" appears in bold print on the face of each certificate. Whether the box on the front of each CD was checked, further indicating a nonnegotiable instrument, is irrelevant.

Even though nonnegotiable, the CDs were assignable to Republican Bank as collateral for the Fishes' loans. The certificates are instruments which may be transferred by delivery in the ordinary course of business. § 9-105. A

nonnegotiable instrument is assignable, like any other contract right, even though the assignee could never be a holder in due course. *First Nat'l Bk. in Grand P. v. Lone Star Life Ins. Co.*, 524 S.W.2d 525 (Tex. Civ. App. 1975). See, also, *Franke v. Third Natl. Bank & Trust Co.*, 31 Ohio App. 3d 189, 509 N.E.2d 955 (1986).

The rules announced in earlier portions of this opinion are equally applicable to both CDs. Republican Bank is entitled to the proceeds of CD No. 81122, and the trial court's judgment regarding that certificate of deposit is reversed. The cause is remanded for further proceedings in accordance with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.