**Sharon BRIDGES, Plaintiff–Appellant,**

**Elva Tull, David Tull, Plaintiffs,**

v.

**The CENTRAL BANK AND TRUST COMPANY, f/k/a The Central State Bank of Hutchinson, Kansas, Defendant–Appellee.**

**No. 90–3161.**

United States Court of Appeals, Tenth Circuit.

Feb. 22, 1991.

Steven M. Dickson, of Dickson & Pope, P.A., Topeka, Kan., for plaintiff-appellant.

Gerald L. Green, of Gilliland & Hayes, P.A., Hutchinson, Kan., for defendant-appellee.

Before McKAY, SEYMOUR and EBEL, Circuit Judges.

EBEL, Circuit Judge.

We are asked to determine whether a bank issuing a certificate of deposit to co-owners, which was unilaterally pledged by one of the co-owners, is liable for redeeming the entire value of the CD in foreclosure of the instrument as a perfected security. The district court found that issuing bank properly honored the lender's demand for payment. We affirm.[1]

The Central Bank and Trust Company ("Central Bank") issued a certificate of deposit to five individuals, "John C. *or* Elva E. Tull *or* David K. Tull *or* Francis I. Tull *or* Sharon C. Bridges" (emphasis added), stamped on its face: "as joint tenants and not as tenants in common, with full rights of survivorship." R. tab 18 ex. A. Subsequently, one of these co-owners, Francis I. Tull ("Jack" Tull), unilaterally pledged the certificate of deposit as security for a personal loan from Superior National Bank ("Superior"). Superior perfected its security interest in the certificate of deposit through possession of the instrument. Jack Tull defaulted on his loan from Superior and filed for bankruptcy. The bankruptcy court granted Superior relief from the automatic stay so that Superior could foreclose on its security interest in the proceeds of the certificate of deposit. Superior presented the instrument to Central Bank for payment, accompanied by the bankruptcy court order lifting the stay as to this foreclosure. Central Bank redeemed the CD, and the remaining co-owners brought this action against Central Bank for breach of contract and conversion.

The district court granted summary judgment in favor of Central Bank, reasoning:

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

A certificate of deposit is an instrument, K.S.A. 84–9–105(i), and thus is personal property which may be pledged as collateral for a secured loan. *See* K.S.A. 84–9–102(a). The CD in this case was made payable to "John C. or Elva E. Tull or David K. Tull or Francis I. Tull or Sharon C. Bridges." Under K.S.A. 84–3–116, an instrument made payable to "A or B" may be negotiated by either party without consent of the other. Thus, notwithstanding the stamp denoting joint tenancy, Jack Tull, as an alternate payee, could pledge the entire CD as collateral. Any issue concerning Superior's interest in the CD was presumably resolved by the bankruptcy court order of April 30, 1987, which found that Superior was a perfected secured party and was entitled to take possession of the proceeds of the CD. Once Superior secured the court order confirming its perfected security interest in the CD, Superior was entitled to exercise its self-help remedies under K.S.A. 84–9–502(1).

*Bridges v. The Central Bank & Trust Co.,* No. 89–4099–S, 1990 WL 62172, Memorandum and Order at 4–5 (D.Kan. April 27, 1990) (citations omitted) ("Order").

We review ... summary judgment orders *de novo*, applying the same legal standard used by the district court under Rule 56(c) of the Federal Rules of Civil Procedure. Summary judgment should be granted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, we are to examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. However, the nonmoving party may not rest on his pleadings; the party must set forth specific facts showing that there is a genuine issue for trial.

*Abercrombie v. City of Catoosa,* 896 F.2d 1228, 1230 (10th Cir.1990) (citations omitted).

In this appeal, the appellant, one of the original co-owners of the CD, attempts to create tension between the explicit language in Kan.Stat.Ann. § 84–3–116(a) (1983)[2] and the tenet of property law that a joint tenancy is severed and converted to tenancy in common upon any disturbance of the "four unities" which define this property interest. *See Hutchinson Nat'l Bank & Trust v. Brown,* 12 Kan.App.2d 673, 753 P.2d 1299, 1300–01 (1988).[3] Under the interpretation relied on by the district court, which we believe to be sound, the specific directive of section 84–3–116(a) supersedes the fragility of the joint tenancy form of ownership. Thus, Jack Tull's pledge of the instrument, whether or not it was held in joint tenancy, was effective pursuant to Kansas statutory enactment of section 84–3–116 of the Kansas Uniform Commercial Code. *See also Birmingham Trust Nat'l Bank v. Herren (In re Herren),* 10 B.R. 252, 255 (Bankr.N.D.Ala.1981); *Miller v. Merchants Bank,* 138 Vt. 235, 415 A.2d 196, 199 (1980).

The district court distinguished this case from the holding of the Kansas Court of

---

**2.** Section 84–3–116(a) provides: **"Instruments payable to two or more persons.** An instrument payable to the order of two or more persons ... if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it."

**3.** Appellant argues under a variety of visages that the certificate of deposit should be considered to have been held in tenancy in common even prior to Jack Tull's pledge of the CD to Superior. Appellant's purpose is clear: to have the pledged interest be 20% rather than 100% of the CD's value. However, the stamp on the face of the document, stating unambiguously that the instrument is held in joint tenancy, with a right of survivorship rather than in tenancy in common, belies that argument. This stamp is sufficient to satisfy the requirement of *Carter v. Carter (In re Carter),* 6 Kan.App.2d 934, 636 P.2d 227, 230–31 (1981), that under Kan. Stat.Ann. § 58–501 the evidence of intent to create a joint tenancy must be clear at the time the instrument is created. "[S]imply using the word 'or' between the names of the owners of a certificate of deposit is not sufficient to satisfy [section 58–501]." *Id.* 636 P.2d at 230. *See also Wood v. Davies (In re Wood),* 218 Kan. 630, 545 P.2d 307, 309–10 (1976) (the words "as joint tenants with right of survivorship, and not as tenants in common" are "magic" words which show intent to create joint tenancy).

Appeals in *Hutchinson National Bank,* in which the pledge of a certificate of deposit ostensibly held in joint tenancy by a married couple severed the joint tenancy and created tenancy in common. The district court found that because the instrument in *Hutchinson National Bank* referred to the joint tenants in the conjunctive,[4] the specific directive of section 84–3–116(a) did not apply. Order at 4 n. 1. We agree.

Appellant offers *Walnut Valley State Bank v. Stovall,* 223 Kan. 459, 574 P.2d 1382 (1978), as contrary authority. However, the district court correctly pointed out that *Walnut Valley* is inapposite because it deals with garnishment of a joint bank account, rather than foreclosure of a perfected security interest in an instrument consensually pledged as collateral for a loan. Order at 4.

In addition, Kan.Stat.Ann. § 9–1205 (1982)[5] buttresses the provisions of the Kansas Uniform Commercial Code's § 84–3–116 and relieves Central Bank of liability. Section 84–3–116 provides that one of two or more parties denominated in the alternative has the capacity to unilaterally pledge an instrument, and section 9–1205 provides that a bank is not liable for payment on the order of any individual owner of a joint account. Just as Central Bank would have no liability for cashing the CD in question on Jack Tull's unilateral demand, it was not liable for cashing the CD on Superior's demand in foreclosure of the CD as a perfected security, legitimate pursuant to section 84–3–116.

In summary, the distilled question before us today is whether an instrument arguably held in joint tenancy and nominated in the alternative under Kansas law can be effectively unilaterally pledged in full by one of the co-owners as security for a loan

and later redeemed by the secured creditor in foreclosure. The answer given by the district court was correct: such instrument properly can be so pledged and the issuing bank is not liable for honoring presentment of the instrument by a foreclosing secured creditor. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

---

4. The court in *Hutchinson National Bank* noted that the certificate of deposit at issue in that case "was issued, at [the customer's] request, in the names of Harry *and* his wife, Ida, as joint tenants." *Hutchinson Nat'l Bank,* 753 P.2d at 1300 (emphasis added).

5. Section 9–1205 provides:
   **Joint accounts.** Deposits may be made in the names of two or more persons, including

minors, payable to either or any of them, or payable to either or any of the survivors or the sole survivors, and such deposits or any part thereof or any interest thereon, may be paid to or on order of any of said persons whether the other or others be living or not; and the receipt, order, or acquittance of the person so paid shall be valid and sufficient release and discharge to the bank for any payment so made.