[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO STRIKE SPECIAL DEFENSES
The plaintiff, John M. Doyle, and his late wife, Carole M. Doyle, had funds in the amount of $25,000 on deposit in a certificate of deposit with the defendant, Lafayette Bank Trust Company. On December 7, 1992, the plaintiff filed a five-count complaint with respect to those funds stating claims against the defendant bank for conversion, breach of contract of deposit, violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. 42-110b et seq. ["CUTPA"], wilful, wanton and malicious conduct, and violations of the Deposit Account Contract Act Conn. Gen. Stat. 36-27c, respectively. On February 10, 1993, the defendant filed an answer and special defenses. In its "First Special Defense"[1] to all five counts of the plaintiff's complaint, the defendant alleged that it exercised its right of setoff against the funds with respect to a debt owed it by Carole M. Doyle or her estate arising out of her alleged defalcation of CT Page 6488 funds from the bank. [Hereafter the "Setoff Special Defenses"]. In its "Second Special Defense" to the First, Third, Fourth and Fifth counts the defendant alleged that the respective causes of action are barred by the applicable statute of limitations.[2]
[Hereafter the "Statute of Limitations Special Defenses"].
On March 29, 1993, the plaintiff filed a motion to strike all the special defenses along with a supporting memorandum of law. Thereafter, the defendant filed a memorandum of law in opposition to the motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of any answer including any special defense contained therein. Practice Book 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions of the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos,196 Conn. at 108. "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the [pleadings] . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990).
The court must construe the defense "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations would support a defense, the motion to strike must be denied. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989).
The plaintiff moves to strike the Setoff Special Defenses on the ground that the defendant has no right to a setoff because there is neither mutuality of debt nor parties between the plaintiff and the bank. "`It is the defendant's burden to demonstrate its right of setoff by affirmatively and adequately alleging such a claim in the pleadings. Practice Book 168; Peters Production, Inc. v. Dawson, 182 Conn. 526, 528, 438 A.2d 747
(1980).' Petti v. Balance Rock Associates, 12 Conn. App. 353, 362,530 A.2d 1083 (1987)." Ellis v. Rogers, 15 Conn. App. 362, 365,544 A.2d 663 (1988). CT Page 6489
The allegations of the Setoff Special Defenses are as follows: Carole M. Doyle, the plaintiff's deceased wife, was a joint owner with the plaintiff of funds in a certificate of deposit. Carole M. Doyle was a long-time employee of the bank. After her death in December 1988, the bank discovered that she had allegedly defalcated funds from it, in excess of the funds in the certificate of deposit. The bank exercised its right of setoff against the funds in the certificate of deposit claiming it to be a "debt owed to it by Carole M. Doyle or her estate arising out of Carole M. Doyle's defalcation of funds from the [bank]."
"Set-offs can be based either in law or in equity." v. Miller, 6 Conn. App. 106, 109, 503 A.2d 617 (1986), citing Savings Bank of New London v. Santaniello, 130 Conn. 206, 210-11,33 A.2d 126 (1943).
 A legal set-off is a mutual debt between the parties that can be raised in an action for the recovery of another debt, pursuant to Section 52-139 C.G.S. An equitable set-off is the recognition at equity of the effect of multiple obligations between the parties, to prevent circuitry of actions. Savings Bank of New London v. Santaniello, 130 Conn. 206, 210-11 (1943)."
 Mohsen v. Peters, 4 Conn. L. Rptr. 239, 240 (June 20, 1991) (Hodgson, J.)
In the context of a bank's effort to set off deposited funds, the right to such a setoff, whether in law or equity, requires the existence of mutual debts at the time the action is brought. Bassett v. City Bank Trust Co., 115 Conn. 1, 9-10, 160 A. 60
(1932); see Clark, The Law of Bank Deposits, Collections and Credit Cards, 14.06 (3rd ed. 1990) [hereafter "Clark"]. "A debt is defined as an `unconditional and legally enforceable obligation for the payment of money.' Ballentine's Law Dictionary." Petti v. Balance Rock Associates, 12 Conn. App. at 362. In this case, the Setoff Special Defenses are fatally defective because they fail to affirmatively allege any debt due or owing the bank from the plaintiff. Ellis v. Rogers, 15 Conn. App. at 365; Petti v. Balance Rock Associates, 12 Conn. App. at 362.
At the time this action was brought, the plaintiff had no legal obligation to pay money to the defendant bank. Even if Carole M. Doyle had a debt that she owed the bank which would have given the bank a right of setoff during her lifetime, the bank has CT Page 6490 no such right against the plaintiff. Carole Doyle was a joint owner with the plaintiff of the funds in the certificate of deposit. Any right of setoff that the bank may have had against the joint account for her alleged defalcations was extinguished by her death. It is well-established that, in the absence of a controlling statute or contract provision, a bank does not have a right to set off a debt of deceased joint tenant against the interest of a surviving joint tenant. 5A Michie on Banks and Banking, 116 (1993 Cumulative Supp. p. 81); Clark, 14.06[4]; see Sherman County Bank v. Lonowski, 205 Neb. 596, 289 N.W.2d 189, 192
(1980).
Additionally, the plaintiff, as owner of funds in the certificate of deposit, does not bear any obligation to the bank to satisfy his deceased wife's alleged defalcations. The plaintiff relies on Conn. Gen. Stat. 36-3(a) to establish his ownership of the funds in the certificate of deposit. The statute supplies prima facie evidence of intent to vest ownership in the survivor of a joint account "in the absence of fraud or undue influence" in the "making of a deposit or issuance of an account in such form."[3]
Flynn v. Hinsley, 142 Conn. 257, 261-62, 113 A.2d 351 (1955). The defendant argues that it has placed in issue the question of fraud or undue influence because it alleges that the plaintiff's wife, a joint depositor, embezzled a substantial amount of money from it. However, the defendant misconstrues the meaning of the statutory language. The phrase "fraud or undue influence" refers to "the making of a deposit or issuance of an account in such form" and does not relate to the manner in which the funds in such account were obtained. While proof of fraud or undue influence in the making of the account can overcome the statute's evidentiary presumption "of the intention of the named owners to vest title to the deposit or account in the survivor . . .", that is not in issue here. Clayman v. Prochaska, 2 Conn. App. 430, 433,479 A.2d 1214 (1984).
On the facts admitted by the motion to strike the Setoff Special Defenses, the court can draw no other conclusion but that title to the certificate of deposit passed to the plaintiff at the moment of his wife's death and the funds were not part of her estate. Id. at 437. Since the funds belong to the defendant individually and he has no personal obligation to satisfy any alleged debts of his deceased wife, the bank cannot use them to set off any debts owed to it by Carole M. Doyle or her estate. See Sandler v. United Industrial Bank, 23 App.Div. 562, 256 N.Y.S.2d 442,444 (N.Y.App.Div. 1965). CT Page 6491
The defendant argues that preventing it from pursing the Setoff Special Defenses "flies in the face of equity." In this state, equitable setoff is recognized
 to prevent circuitry of action . . . to enforce the maxim that he who seeks equity must himself do equity . . . and, in general, to do equity between the parties where such legal right of set-off . . . was not adequate to accomplish this result and the case fell within the limits of recognized equitable principles. . . ."
 Saving Bank of New London v. Santaniello, 130 Conn. at 211. (Internal citations omitted.)
At the least, however, equitable setoff requires mutuality of obligation, which is simply not present in this case.
Accordingly, since the allegations of the Setoff Special Defenses do not contain the requisite elements for the exercise of legal or equitable setoff, the motion to strike the Setoff Special Defenses is granted.
With respect to the plaintiff's motion to strike the Statute of Limitations Special Defenses, the only asserted ground is that the three year statute under Conn. Gen. Stat. 52-577 was tolled because the "defendant withheld notice of its application of Plaintiff's money to an alleged debt owed by the Plaintiff's deceased wife." This factual allegation is not contained in the attacked special defense. Therefore, the motion to strike is an improper speaking motion and cannot be considered by the court. See Nationwide Mutual Insurance Co., Inc. v. R S Associates, 7 Conn. L. Rptr. No. 13, 369, 370 (Oct. 19, 1992) (Goldberg, S.J.); Hans L. Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260 (1991) (Pickett, J.); Connecticut State Oil v. Carbone, 36 Conn. Sup. 181, 182-83,415 A.2d 771 (Super.Ct. 1979).
With respect to the plaintiff's motion to strike the second special defense to the third count which relies on the statute of limitations contained in Conn. Gen. Stat. 42-110g(f), the plaintiff has failed to "distinctly specify the reason or reasons for its insufficiency," Conn. Practice Book 154, and neither side has provided legal authorities against or in support of the CT Page 6492 sufficiency of this special defense. Conn. Practice Book 155. Therefore, the motion to strike the second special defense to the third count is fatally defective. Lubas v. McCusker, 153 Conn. 250,253, 216 A.2d 289 (1965); see Bouchard v. People's Bank,219 Conn. at 468 n. 4.
Furthermore, 52-577 provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of" and 42-110g(f) provides that "[a]n action under this section may not be brought more than three years after the occurrence of a violation of this chapter." Neither the complaint nor the answer and special defenses contain allegations of either the "date of the act or omission complained of" or the date of "the occurrence of" the CUTPA violation. Absent such allegations the court could not determine when the applicable limitation period began to run.
Accordingly, for the foregoing reasons, the plaintiff's motion to strike is denied as to the Statute of Limitations Special Defenses and granted as to the Setoff Special Defenses.
LINDA K. LAGER, JUDGE