126 Wn.2d 346 (1995)
894 P.2d 559
MARJORIE I. KALK, Petitioner,
v.
SECURITY PACIFIC BANK WASHINGTON N.A., Respondent.
No. 61630-2.
The Supreme Court of Washington, En Banc.
May 11, 1995.
O'Shea, Barnard, Martin & Hendrickson, by John W. Martin, for petitioner.
*347 Adolph & Smyth, P.S., by Robert J. Adolph and Paul M. Bintinger, for respondent.
DURHAM, C.J.
Petitioner Marjorie Kalk and her mother, Marjorie Worsham, owned three certificates of deposit (CD's) as joint tenants with right of survivorship. Without her daughter's knowledge, Worsham pledged the CD's as collateral for bank loans. Following Worsham's death, the loans went into default and Security Pacific Bank claimed ownership of the CD's. Kalk sued to recover her survivorship interest in the CD's, and for damages and attorney fees under the Consumer Protection Act, RCW 19.86. On cross motions for partial summary judgment, the trial court held that Kalk, as a joint tenant with right of survivorship, owned the CD's free of the bank's security interest at the moment of Worsham's death. The Court of Appeals reversed, holding that Worsham's death did not extinguish her pledge and Security Pacific Bank could claim ownership of the CD's even after Worsham's death. We reverse the Court of Appeals.
Survivorship rights to pledged property or funds owned in joint tenancy is an issue of first impression in Washington. Nevertheless, a majority of jurisdictions have held that surviving joint tenants receive property or funds pledged as collateral free of encumbrance upon the death of a debtor cotenant. In keeping with the majority rule, we hold that a security agreement encumbering only the interest of one joint tenant with right of survivorship is extinguished upon the joint tenant's death.

FACTS
Marjorie Kalk and her mother, Marjorie Worsham, were joint tenants with right of survivorship on three CD accounts. Rainier Bank, which became Security Pacific Bank (the Bank),[1] issued one CD for the amount of $100,000. Seattle Trust, now Key Bank, issued the other two CD's, totaling *348 $75,000. Each CD was payable to Worsham or Kalk as joint tenants with right of survivorship.[2]
In 1983, Worsham pledged the $100,000 CD as security for a loan the Bank was making to William Argo, her accountant and friend. Argo became involved in a commercial venture that promised to revolutionize the planting of grass seed through a hydroseeding process. In 1982, Argo sought a loan for the venture, but lacked collateral to satisfy the Bank's requirements. Argo asked Worsham if she would provide security for the Bank's loan; she agreed and pledged the $100,000 CD as security. Kalk was unaware of the pledge.
Six years later, Argo sought a personal loan from the Bank to exercise his option to purchase a patent on the hydroseeding process. Again, he lacked collateral. Worsham assigned the two CD's totaling $75,000 to the Bank and pledged them as security for this loan. Kalk was not informed.
Worsham died in March 1990. Three weeks later, and with knowledge of her death, the Bank renewed the loans to Argo. The commercial hydroseeding venture subsequently collapsed. In December 1990, Argo defaulted and the Bank claimed ownership of the CD's in partial satisfaction of the loans.
Upon learning of the Bank's actions, Kalk sued the Bank to recover her survivorship interest in the CD's, and for damages and attorney fees under the Consumer Protection Act. Both parties moved for partial summary judgment on the issue of Kalk's survivorship interest in the pledged funds. The Court of Appeals, in reversing the trial court, determined the Bank acquired a perfected security interest in the CD's and held that a joint tenant with right of survivorship has no claim to funds a deceased cotenant pledged as collateral. We accepted review.

ANALYSIS
The Bank argues the Financial Institution Individual Account Deposit Act, RCW 30.22 (the Act), requires we find *349 Worsham's pledge survived her death. Adopted in 1981, the Act created a uniform body of law regulating individual deposit accounts in all financial institutions. RCW 30.22.020. The Act identifies the types of accounts a financial institution may use for deposits, including single accounts, joint accounts without right of survivorship, and joint accounts with right of survivorship. RCW 30.22.050. When approached by a potential depositor, the financial institution must discuss the various types of available accounts. RCW 30.22.050. In a joint account with right of survivorship, one or more of the surviving depositors take possession of account funds upon the death of a joint depositor. RCW 30.22.040(8); RCW 30.22.100(3).
Pursuant to the Act, a financial institution may engage in transactions "to or for any one or more of the depositors named on the account without regard to the actual ownership of the funds by or between the depositors". RCW 30.22.140. As long as a financial institution relies on the form of an account, as opposed to the actual ownership of the funds within the account, it is protected from liability.
In making payments[3] of funds deposited in an account, a financial institution may rely conclusively and entirely upon the form of the account and the terms of the contract of deposit at the time the payments are made. A financial institution is not required to inquire as to either the source or the ownership of any funds received for deposit to an account, or to the proposed application of any payments made from an account.... [A]ll payments made by a financial institution from an account at the request of any depositor ... shall constitute a complete release and discharge of the financial institution from all claims for the amounts so paid regardless of whether or not the payment is consistent with the actual ownership of the funds deposited in an account....
RCW 30.22.120.
It is clear from legislative history, however, that the protection extended financial institutions was not intended to threaten actual ownership rights to deposited funds. See *350 SSB 3154. While financial institutions may pledge funds without regard to actual ownership, the Act also provides, "The protection accorded to financial institutions ... shall have no bearing on the actual rights of ownership to deposited funds by a depositor, and/or between depositors".[4] RCW 30.22.130.
The Bank argues, and the Court of Appeals agreed, that the Bank's authority to accept Worsham's pledge led to the survival of the pledge following her death. Kalk v. Security Pac. Bank, 73 Wn. App. 13, 24, 866 P.2d 1276 (1994). Nevertheless, the Act itself states that protection to financial institutions does not eviscerate ownership rights of depositors. RCW 30.22.130. It is thus necessary to examine what, if any, underlying rights a joint tenant with right of survivorship has to funds pledged as collateral by a cotenant who subsequently dies.
[1] A majority of jurisdictions have held that although one joint tenant may unilaterally pledge property or account funds as collateral, surviving cotenants take the property or account funds free of the pledge at the moment of the debtor joint tenant's death. In re Certificates of Deposit Issued by Hocking Vly. Bank of Athens Co., 58 Ohio St.3d 172, 569 N.E.2d 484 (1991); Commercial Banking Co. v. Spurlock, 238 Ga. 123, 231 S.E.2d 748 (1977); Ogilvie v. Idaho Bank & Trust Co., 99 Idaho 361, 582 P.2d 215 (1978); Home Trust Mercantile Bank v. Staggs, 714 S.W.2d 792 (Mo. Ct. App. 1986); Sherman Cy. Bank v. Lonowski, 205 Neb. 596, 289 N.W.2d 189 (1980); Olson v. Fraase, 421 N.W.2d 820 (N.D. 1988). These cases rest on the premise that a joint tenant has a lifetime interest in property or account funds. Since a pledge represents the joint tenant's lifetime interest, the pledge terminates at his or her death. Hocking Valley Bank, at 174; Spurlock, at 125; Ogilvie, at 366-68; Home Trust, at 794; Sherman Cy. Bank, at 600; Olson, at 831-32. Under this analysis, the Bank could have claimed *351 ownership of the pledged CD's during Worsham's lifetime. For the Bank to have claimed ownership of the pledged CD's following Worsham's death, however, it needed Kalk's signature on the security agreement.
In Hocking Valley Bank, a case with facts comparable to the present dispute, a husband and wife owned five CD's as joint tenants with right of survivorship. The husband unilaterally pledged the CD's as security for bank loans. Approximately 1 year after the husband's death, the bank attempted to apply the CD's against his unpaid debt. The Ohio Supreme Court recognized that while the husband could pledge the CD's, "he could only give a security interest to the extent that he had an interest". Hocking Valley Bank, at 174 (quoting Franke v. Third Nat'l Bank & Trust Co., 31 Ohio App.3d 189, 190-91, 509 N.E.2d 955 (1986)). As a joint tenant with right of survivorship, he had a lifetime interest in the CD's; consequently, the bank could have enforced its security interest during his lifetime. His death, however, terminated his interest in the CD's. Hocking Valley Bank, at 174. The Ohio Supreme Court concluded:
[W]hen only one joint tenant with the right of survivorship to a certificate of deposit signs a security agreement and pledges the certificate as collateral to secure his or her loan, and such joint tenant dies before the loan is satisfied, the joint tenant survivor(s) is entitled to the entire amount of the certificate, as the bank's interest is extinguished upon the death of the debtor joint tenant.
Hocking Valley Bank, at 174.
The Court of Appeals in Kalk distinguished Hocking Valley Bank because it assumed that Ohio's statutory scheme differs from that of Washington. Kalk, 73 Wn. App. at 24. While the Hocking Valley Bank court never cited the Ohio statute, Ohio and Washington statutory provisions on deposit accounts are parallel.[5]
*352 The Court of Appeals rejected the majority rule in favor of the anomalous result in Heffernan v. Wollaston Credit Union, 30 Mass. App. Ct. 171, 567 N.E.2d 933 (1991).[6] In Heffernan, one joint tenant pledged funds from a passbook account to secure a personal loan. Unlike Kalk, however, the cotenant was present when the pledge was signed. The Massachusetts court determined that the power to withdraw funds was analogous to the power to pledge funds; since a withdrawal survives the death of a joint tenant, so, too, does a pledge. Heffernan, at 178. As discussed above, however, the vast majority of jurisdictions have recognized the distinction between account withdrawals and pledges when examining joint tenancy with right of survivorship. We find Heffernan unpersuasive in light of this contrary authority.
In the present case, the Bank knew of Kalk's ownership interest when her mother pledged the CD's; similarly, the Bank was aware of Kalk's survivorship interest when it renewed the loans following Worsham's death. By comparison, Kalk was uninformed and unwitting. The Bank could have protected itself at all times by requiring Kalk's signature. The majority rule appropriately balances a bank's control and access to information against the joint tenant's ownership of deposited funds.

CONCLUSION
We hold that Worsham's death extinguished the Bank's security interest[7] and, therefore, Kalk should receive the *353 CD's free of the Bank's encumbrance. Accordingly, we reverse the Court of Appeals and remand to the trial court for further deliberations.
DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, and TALMADGE, JJ., and UTTER, J. Pro Tem., concur.
Reconsideration denied July 11, 1995.
NOTES
[1] Security Pacific Bank later became Seattle-First National Bank.
[2] The record contains no information as to the source of the funds used to purchase these certificates.
[3] A financial institution's authority to make payments includes the authority to accept "any pledge of sums on deposit by a depositor or his agent". RCW 30.22.040(14).
[4] Legislative history indicates that RCW 30.22.130, which preserves the rights of individual depositors, is the converse of RCW 30.22.120, which protects financial institutions. See SSB 3154.
[5] Ohio Rev. Code Ann. § 1107.08(A) (Anderson 1988) provides: "When a deposit is made in the name of two or more persons, payable to either, or the survivor, such deposit or any part thereof, or any interest thereon, may be paid to either of said persons ... and the receipt or acquittance of the person paid is a sufficient release and discharge of the bank for any payments so made." Compare RCW 30.22.120.
[6] The Court of Appeals also relied on Bridges v. Central Bank & Trust Co., 926 F.2d 971 (10th Cir.1991) and Jamison v. Society Nat'l Bank, 66 Ohio St.3d 201, 611 N.E.2d 307 (1993). Kalk, 73 Wn. App. at 22-25. In Bridges, the Tenth Circuit only addressed the authority of a joint tenant to pledge deposit accounts as collateral without the consent of cotenants. Likewise, Jamison is inapplicable since it involved a payable on death account and not a joint account with right of survivorship.
[7] As a preliminary matter, the Court of Appeals determined that pursuant to the Uniform Commercial Code, RCW Title 62A, Worsham's pledge constituted a perfected security interest. Kalk, 73 Wn. App. at 19. It is unnecessary to consider this issue since Worsham's death extinguished the security interest.