IN RE CERTIFICATES OF DEPOSIT ISSUED BY HOCKING VALLEY BANK
OF ATHENS COMPANY.

[Cite as In re Certificates Issued by Hocking Valley Bank of Athens Co. (1991),
58 Ohio St. 3d 172.]

(No. 90-897—Submitted February 5, 1991—Decided March 27, 1991.)

*Lavelle Law Offices, a L.P.A., William A. Lavelle* and *John P. Lavelle,* for appellant.

*Mollica, Gall, Sloan & Sillery Co., L.P.A., Gerald A. Mollica* and *Robert J. Gall,* for appellee.

DOUGLAS, J. This appeal concerns the six certificates that were pledged to the bank.[3] Linda concedes that the bank properly encumbered her interest in the certificate which she and Norman pledged to the bank on December 13, 1985. Accordingly, we reverse the March 20, 1990 judgment of the court of appeals as to this certificate.

The question we now decide is whether the bank's security interests in the five certificates, which encumbered only Norman's interests, were extinguished upon Norman's death. We answer this inquiry by affirming the court of appeals in this regard, and find that any interest the bank had in these certificates ceased to exist upon Norman's death. Therefore, Linda, as the surviving joint tenant, became, upon Norman's death, full owner of the certificates free from the bank's security interests.

The question presented is one of first impression before this court. Other courts have held that a joint tenant's right of survivorship is paramount to a bank's interest when the bank fails to encumber the interest of

---

[3] But, see, with regard to the court of appeals' order of September 5, 1990, *State v. Murphy* (1990), 49 Ohio St. 3d 293, 551 N.E. 2d 1292. See, also, *Yee* v. *Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St. 3d 43, 44, 553 N.E. 2d 1354, 1355; *In re Murray* (1990), 52 Ohio St. 3d 155, 160, 556 N.E. 2d 1169, 1174; and *Majnaric* v. *Majnaric* (1975), 46 Ohio App. 2d 157, 75 O.O. 2d 250, 347 N.E. 2d 552.

all joint tenants. See, *e.g., Franke* v. *Third Natl. Bank & Trust Co.* (1986), 31 Ohio App. 3d 189, 31 OBR 416, 509 N.E. 2d 955; *Olson* v. *Fraase* (N.D. 1988), 421 N.W. 2d 820; *Ogilvie* v. *Idaho Bank & Trust Co.* (1978), 99 Idaho 361, 582 P. 2d 215; *Sherman Cty. Bank* v. *Lonowski* (1980), 205 Neb. 596, 289 N.W. 2d 189; *Commercial Banking Co.* v. *Spurlock* (1977), 238 Ga. 123, 231 S.E. 2d 748; and *Home Trust Mercantile Bank* v. *Staggs* (Mo. App. 1986), 714 S.W. 2d 792. Furthermore, these courts have concluded that the surviving joint tenant's interest vests immediately upon the death of the joint tenant whose interest is encumbered.

The bank argues that by virtue of its having physical possession of the certificates, its claim is necessarily superior to that of Linda's. We do not agree. When Norman signed the security agreements and transferred the certificates to the bank, Norman pledged *his* interest in the certificates. The fact that the bank had possession of the collateral does not defeat the rights of Linda whose name also appears on the certificates. Indeed, the court in *Franke, supra,* recognized that a pledge of a certificate of deposit by one joint tenant will not work a severance of the tenancy.

In *Franke,* Dora Franke and her son, Michael, were joint owners of a certificate of deposit. Michael, in obtaining a loan from a bank, offered the certificate as collateral. Michael died and the loan went into default. The court, in finding that Dora, as opposed to the bank, was entitled to the certificate, reasoned that:

"* * * [T]he bank's security interest in the certificate of deposit was extinguished upon the death of Michael.

"The language of the certificate of deposit, although clearly authorizing Michael to withdraw the principal and interest during his lifetime, just as clearly limited Michael's ownership interest and power to withdraw to his lifetime, and vested complete ownership in Dora Franke upon his death.

"While Michael could give a security interest to the bank in collateral in which he had an interest, he could only give a security interest to the extent that he had an interest. This interest consisted of a right to withdraw principal and interest during his lifetime.

"The loan did not go into default until after Michael's death. It was only upon default that the bank would have been entitled to enforce its security interest in the collateral. * * * However, because Michael had no more than a lifetime interest in the certificate of deposit, the bank's security interest in the certificate of deposit terminated with Michael's death and before the bank had a right to enforce its security interest." *Id.* at 190-191, 31 OBR at 418, 509 N.E. 2d at 957.

We believe the holding and rationale by the court in *Franke* is correct and applicable to the case at bar. Thus, we conclude that when only one joint tenant with the right of survivorship to a certificate of deposit signs a security agreement and pledges the certificate as collateral to secure his or her loan, and such joint tenant dies before the loan is satisfied, the joint tenant survivor(s) is entitled to the entire amount of the certificate, as the bank's interest is extinguished upon the death of the debtor joint tenant.

In the case at bar, it is undisputed that the certificates created a joint tenancy with the right of survivorship in Norman and Linda. Upon issuing the certificates, the bank agreed that the survivor owned the certificates in the event of the death of the joint tenant. The certificates limited Norman's ownership interest to his lifetime subject to divestment on his death.

Consequently, the obligations of Norman, as evidenced by the notes and security agreements he signed, could not be satisfied out of the proceeds of the certificates because at Norman's death, the certificates became the property of Linda who had not pledged her interests in the certificates.

Accordingly, upon Norman's death, Linda became full owner of the certificates. Norman's interest in the certificates and any claims the bank had to them were extinguished.

For the foregoing reasons, the March 20, 1990 judgment of the court of appeals is affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part.*

MOYER, C.J., WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and HOLMES, JJ., dissent.