FOUNTAIN SKIN CARE, Appellee,

v.

HERNANDEZ et al., Appellants.

[Cite as *Fountain Skin Care v. Hernandez*, 175 Ohio App.3d 93, 2008-Ohio-489.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21962.

Decided Feb. 8, 2008.

Steven C. Katchman, for appellee.

Richard B. Reiling, for appellants.

GRADY, Judge.

{¶ 1} This is an appeal from a summary judgment for the plaintiff in an action on a complaint on an account.

{¶ 2} Defendants, Angela M. Hernandez and Paris L. Carter, are the parents of a minor child, Miguel A. Carter. On June 30, 2005, Hernandez sought treatment from Dr. Stanley A. Alexander, d.b.a. plaintiff, Fountain Skin Care, for dog-bite injuries her son had suffered. In the complaint that Fountain Skin Care subsequently filed, it alleges that Dr. Alexander provided services to Miguel valued at $19,356.56 and that defendants failed to pay for those services.

{¶ 3} Plaintiff attached to its complaint copies of its account and a copy of a written agreement signed by defendant Hernandez on June 30, 2005, on which plaintiff's claim for relief against Hernandez is founded. Three provisions of that writing relate to Hernandez's liability.

{¶ 4} First, at the top of the document, the following statement is set out:

{¶ 5} *"DEAR PATIENT :* As part of our service to you, insurance claims will be filed directly to your insurance company or employer. Many claims are submitted electronically (entered directly into the agency's computer) for quicker

processing. Assist us by *clearly* and *correctly* completing the following information. *DO NOT write or mark in shaded areas.*" (Emphasis sic.)

{¶ 6} Second, at the heading "AUTHORIZATION," the form states:

{¶ 7} "I request that information of authorized benefits be made on my behalf. I assign the benefits payable for services to the physician OR organization furnishing the services and authorize such physician OR organization to submit a claim to my insurance carrier OR Medicare for payment. I authorize any holder of medical or other information about me to release to insurance carriers OR the Health Care Financing Administration and its agents OR the Social Security Administration or its intermediaries OR any agency, group or person(s) necessary to secure payment any information needed for this or related Medicare claim. *\*For and in consideration of services rendered and to be rendered by the above listed medical provider, I hereby guarantee payment of all charges incurred for this account.* \*The patient or his/her representative recognizing the need for health care, consents to the above listed medical provider rendering services as ordered by the physicians, including medical or surgical treatment, laboratory procedures, X-ray examinations or other services rendered under the general and specific instructions of the physicians. \*I certify that the information given by me in applying for payment under Title XVIII of the Social Security Act is correct." (Emphasis added.)

{¶ 8} Hernandez signed the form following that recital.

{¶ 9} Third, in block spaces captioned "Primary Insurance Co. Name" and "Primary Insurance Co. Certificate or Contract No.," Hernandez wrote "Medicaid" and "107404112899."

{¶ 10} Hernandez and Carter filed a joint answer to the complaint, generally denying the claim for relief it stated. None of the matters identified in Civ.R. 8(C) were pleaded as affirmative defenses.

{¶ 11} Plaintiff filed a motion for summary judgment, supported by an affidavit stating that Dr. Alexander had provided services to defendants' child and that $19,356.56 was due and owing by defendants for those services.

{¶ 12} Defendants filed a joint memorandum in opposition, containing separate arguments for each of them. Hernandez argued that she believed plaintiff would seek reimbursement for its services from Medicaid, was unaware that plaintiff did not accept Medicaid when she agreed to have plaintiff provide those services, and would not have agreed had she known that plaintiff does not seek Medicaid reimbursement. Hernandez attached her affidavit so stating.

{¶ 13} Defendant Carter presented a different argument. He contended that his alleged indebtedness to plaintiff was discharged in bankruptcy. Carter attached a copy of an order of discharge in bankruptcy that he was granted on

March 6, 2006, in case No. 3:05–BK–44791.  However, the form fails to indicate what debts were discharged, and Carter attached no affidavit stating that his alleged indebtedness to plaintiff was thus discharged.

{¶ 14} The trial court granted plaintiff's motion for summary judgment on its claims for relief against both defendants, on the following findings and conclusions:

{¶ 15} "In the case at bar, Hernandez has not presented any evidence that Plaintiff agreed to accept Medicaid as a form of payment for the services provided to her son.  Further, Plaintiff was under no obligation to inform Hernandez that it was not a Medicaid provider.  Likewise, Carder (sic) has not presented a meaningful defense to the allegation that he is responsible for the payment to Plaintiff.  Although he presented evidence of a discharge from the bankruptcy court, he did not provide any evidence that the debt in question was in (sic) included in the petition.  As a result of the foregoing, neither Defendant has raised a genuine issue of material fact as to their liability.  Accordingly, Plaintiff is entitled to judgment as a matter of law against Defendants in the amount of $19,356.56, plus interest at the prevailing rate of 6% from the date hereof."

{¶ 16} Defendants filed a timely notice of appeal.

ASSIGNMENT OF ERROR

{¶ 17} "The trial court erred by granting appellee summary judgment."

{¶ 18} When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review.  *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.  "*De Novo* review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. of Edn.* (1997), 122 Ohio App.3d 378, 383, 701 N.E.2d 1023, citing *Dupler v. Mansfield Journal Co.* (1980), 64 Ohio St.2d 116, 119–120, 18 O.O.3d 354, 413 N.E.2d 1187.  Therefore, the trial court's decision is not granted any deference by the reviewing appellate court.  *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.

{¶ 19} "The app[ropriateness] of rendering a summary judgment hinges upon the tripartite demonstration:  (1) that there is no genuine issue as to any material fact;  (2) that the moving party is entitled to judgment as a matter of law;  and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Inc.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.  See also Civ.R. 56(C).

{¶ 20} It is undisputed that Fountain Skin Care has not been paid for the medical treatment it provided to Miguel. According to Carter, he is legally excused from paying the debt owed to Fountain Skin Care because the bankruptcy court granted him a Chapter 7 discharge from his debts in 2006. The trial court rejected this argument, finding that "[a]lthough [Carter] presented evidence of a discharge from the bankruptcy court, he did not provide any evidence that the debt in question was in [sic] included in the petition." We agree.

{¶ 21} We note that Carter failed to raise discharge in bankruptcy as an affirmative defense in his answer, as required by Civ.R. 8(C), which waives his right to raise this defense. Further, Carter inexplicably failed to present any evidence to the trial court that his petition in bankruptcy and subsequent discharge included the debt to Fountain Skin Care. Had he done so, he would have been legally excused from paying the amount owed to Fountain Skin Care. But, Civ.R. 56(E) is clear that a party opposing a motion for summary judgment must set forth specific facts that show there is a genuine issue for trial. Carter failed to do so, and the trial court properly granted Fountain Skin Care's motion for summary judgment with respect to Carter.

{¶ 22} The motion for summary judgment with respect to Hernandez presents a closer issue that requires an interpretation of the contract signed by Hernandez. Courts presume that the intent of the parties to a contract resides in the language they have chosen to employ in the agreement. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.* (1997), 78 Ohio St.3d 353, 361, 678 N.E.2d 519. When the language of a contract is clear and unambiguous, a court may not go beyond the plain language of the agreement to determine the parties' rights and obligations. Instead, the court must give effect to the agreement's express terms. *Uebelacker v. Cincom Sys., Inc.* (1988), 48 Ohio App.3d 268, 271, 549 N.E.2d 1210. Further, if a contract provision is unambiguous, a court cannot consider parol evidence as to the parties' intentions. *Shifrin v. Forest City Ent., Inc.* (1992), 64 Ohio St.3d 635, 638, 597 N.E.2d 499.

{¶ 23} The "Authorization" section of their written agreement contains a guarantee by Hernandez to pay all charges for her child's medical care by plaintiff that were incurred as a result. However, the prior statement by plaintiff that "claims will be filed directly to your insurance company" may reasonably be construed to mean that plaintiff promised to do that with respect to the "Primary Insurance Company Name" the obligor is asked to identify, and Hernandez identified Medicaid. Because a writing must be considered as a whole, and each of its provisions given effect, reasonable minds could find that Hernandez's guarantee of payment was conditioned on plaintiff's promise to first seek reimbursement from Medicaid, as Hernandez contends in her affidavit.

{¶ 24} It is undisputed that plaintiff did not make Hernandez aware of the fact that plaintiff did not accept Medicaid before plaintiff provided the medical care on which its claim for relief was founded. Because their written agreement is ambiguous with respect to whether Hernandez's guarantee was absolute or conditional, the writing alone cannot resolve the parties' dispute concerning that question. The parties each have a right to present additional parol evidence to resolve the issue.

{¶ 25} In ruling on a motion for summary judgment, courts must construe the evidence presented most strongly in favor of the party against whom the motion is made and, doing that, grant summary judgment only if no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. On the basis of the parol evidence in Hernandez's affidavit, a genuine issue of material fact exists concerning whether Hernandez's promise to pay for the charges incurred for her child's medical care was conditioned on a promise by plaintiff to first seek reimbursement from Medicaid, making Hernandez responsible only for any amount Medicaid does not pay.

{¶ 26} The assignment of error is overruled with respect to the summary judgment against defendant Carter, though we note that any postjudgment proceedings may yet be subject to a proper showing by Carter that his debt to plaintiff was discharged in bankruptcy.

{¶ 27} The assignment of error is sustained with respect to the summary judgment against defendant Hernandez. The judgment is reversed in part, and the cause is remanded to the trial court for further proceedings on plaintiff's claim for relief against her.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

WOLFF, P.J., and DONOVAN, J., concur.