[Cite as *Huntington Natl. Bank v. Priest*, 2014-Ohio-356.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| HUNTINGTON NATIONAL BANK | : | Hon. John W. Wise, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13 CAE 06 0049 |
| CONNIE S. PRIEST, et al. | : |  |
|  | : |  |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 12 CVE 03 0332

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 3, 2014

APPEARANCES:

For Plaintiff-Appellee Huntington

JENNIFER MONTY RICKER
WELTMAN, WEINBERG & REIS
Lakeside Place, Suite 200
323 West Lakeside Avenue
Cleveland, Ohio 44113

For Plaintiff-Appellee B of A

JASON A. WHITACRE
LAURA C. INFANTE
4500 Courthouse Blvd., Suite 400
Stow, Ohio 44224

For Defendants-Appellants

JOHN SHERROD
MILLS, MILLS, FIELY & LUCAS
503 South Front Street
Suite 240
Columbus, Ohio 43215

*Wise, P. J.*

{¶1} Defendants-Appellants Connie S. Priest, et al. appeal the April 8, 2013, decision of the Court of Common Pleas of Delaware County, Ohio, granting summary judgment in favor of Appellees Huntington National Bank and Appellee Bank of America.

## STATEMENT OF THE FACTS AND CASE

{¶2} This case arose from a residential foreclosure action where two financial institutions hold mortgages: Huntington National Bank holds and owns a Note and Mortgage, and Bank of America holds a mortgage in first lien position.

{¶3} The relevant facts and procedural history are as follows:

{¶4} Connie S. Priest and Laurence E. Priest, individually and as trustees of the Connie S. Priest Revocable Trust, are the owners of real property located at 7362 Scioto Chase Blvd., Powell, Ohio, 43065.

{¶5} On May 30, 2003, Connie S. Priest and Laurence E. Priest, both individually and as Trustees for the Connie S. Priest Revocable Trust dated 09/14/00 signed a Promissory Note in favor of Developer's Mortgage Company ("Developers") in the amount of two hundred three thousand dollars ($203,000.00). That Note was endorsed in blank.

{¶6} The Promissory Note was secured upon the Real Estate by a Mortgage given by the Priests and the Priest Trusts to Developers. Said Mortgage was executed simultaneously with the Promissory Note and recorded with the Delaware County Recorder's Office on June 10, 2003, as Instrument No. 200300037328.

**{¶7}** The Mortgage was assigned to Countrywide on May 30, 2003, and recorded with the Delaware County Recorder's Office on October 28, 2003, as Instrument No. 200300073544. It was further assigned to Bank of America, N.A., on January 6, 2012, and recorded with the Delaware County Recorder's Office on January 13, 2013 at Book 1093, Page 2199-2200.

**{¶8}** The Note and Mortgage required the Priests and the Priest Trusts to make monthly payments commencing on August 1, 2003, until the date of maturity, July 1, 2033. The Priests and the Priest Trusts failed to make those payments, and Bank of America declared their loan in default and accelerated the entire balance due. The loan account is due in the amount of $179,424.82 plus interest at the rate of 5.25% per annum from July 1, 2010, plus late charges, advances for taxes and insurance and all other expenditures recoverable under the Note and Mortgage under Ohio law.

**{¶9}** On November 24, 2006, Connie S. Priest and Laurence E. Priest executed a Personal Line of Credit Agreement in favor of The Huntington National Bank. The Personal Credit Line was secured by an Open-end Mortgage executed by the Priests on November 24, 2006, conveying an interest in the real property located 7362 Scioto Chase Blvd. The Mortgage was recorded on December 14, 2006, in the Delaware County Recorder's Office in Book 756, Page 1343. The Personal Line of Credit Agreement does not require notice of default or notice of intent to accelerate. The Priests failed to make payments, and Huntington National Bank declared their loan in default and accelerated the entire balance due.

**{¶10}** At the time of the signing of the Huntington Mortgage, the Priests also signed a Fact Owner's Agreement stating that they currently held title to the real

property as husband and wife and further acknowledged and agreed that they would "assist and fully cooperate with the Lender or First American Title Insurance Company, including promptly resigning documents when necessary, to correct any defects, errors, or omissions in the loan documents or the mortgage/deed of trust."

**{¶11}** Prior to the above listed mortgages, Connie S. Priest, Trustee of the Connie S. Priest Trust and Laurence E. Priest, Trustee of the Connie S. Priest Trust, had previously executed an Open-end Mortgage conveying an interest in the real property located 7362 Scioto Chase Blvd. to The Huntington National Bank on February 20, 2002 (recorded on March 18, 2002, Delaware County Recorder's Office, Book 756, Page 1343), July 3, 2002 (recorded on July 31, 2002, Delaware County Recorder's Office, Book 223, Page 280), and June 4, 2004 (recorded on June 14, 2004, Delaware County Recorder's Office, Book 514, Page 150).

**{¶12}** On March 10, 2011, Huntington National Bank ("Huntington") filed a Complaint in Foreclosure against Connie S. Priest and Laurence Priest (the "Priests"). The Complaint named Countrywide Home Loans, Inc. ("Countrywide"), as a Defendant. After service on the parties, Countrywide filed its Answer (with leave of court) on April 29, 2011.

**{¶13}** Appellants filed their Answer to the Complaint on May 23, 2011.

**{¶14}** On December 12, 2011, The Huntington National Bank filed a Motion for Summary Judgment.

**{¶15}** On February 27, 2012, Bank of America, N.A. ("Bank of America"), with leave of court, filed a Cross-Claim against the Priests asserting its interests in the Countrywide Mortgage.

{¶16} On March 1, 2012, Appellants filed their Memorandum Contra Huntington National Bank's Motion for Summary Judgment, asserting that they executed the note and mortgage in their individual capacity, but that the property securing the note was not owned by them in their individual capacity.

{¶17} Appellants filed an Answer to the Cross-Claim on March 21, 2012.

{¶18} On September 10, 2012, Bank of America filed its Motion for Summary Judgment on the Cross-Claim.

{¶19} On September 25, 2012, Appellants filed their motion in opposition.

{¶20} On April 8, 2013, the trial court issued a Judgment Entry granting both the Huntington National Bank's Motion for Summary Judgment and Bank of America's Motion for Summary Judgment, which was also adopted in the Judgment Entry Foreclosure Decree, filed May 23, 2013.

{¶21} Appellants now appeal, assigning the following Two Assignments of Error.

## ASSIGNMENTS OF ERROR

{¶22} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE HUNTINGTON NATIONAL BANK'S ("HUNTINGTON") MOTION FOR SUMMARY JUDGMENT, LEADING TO ITS ENTRY AND DECREE OF FORECLOSURE.

{¶23} "II. THE TRIAL COURT ERRED IN GRANTING APPELLEE BANK OF AMERICA, NA'S ("BANA") MOTION FOR SUMMARY JUDGMENT, LEADING TO ITS ENTRY AND DECREE OF FORECLOSURE."

### "Summary Judgment Standard"

{¶24} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.

*Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36.  Civ.R. 56(C) provides, in pertinent part:

{¶25} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

{¶26} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed.  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case.  The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim.  If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial.  *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶27} It is based upon this standard that we review Appellants' Assignments of Error.

**I.**

{¶28} Appellants argue that the trial court erred in granting summary judgment in favor of Appellee Huntington National Bank. We disagree.

{¶29} Appellants claim that the trial court should not have ordered reformation in this case, arguing that there was no mutual mistake herein because they intended to sign the mortgage and note in their individual capacity.

{¶30} This Court reviews mortgages under general principles of contract law, and we presume that the parties' intent " 'resides in the language they have chosen to employ in the agreement.' " *SFJV 2005, L.L.C. v. Ream,* 187 Ohio App.3d 715, 2010-Ohio-1615, citing in part *Fountain Skin Care v. Hernandez,* 175 Ohio App.3d 93, 2008-Ohio-489. " 'If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined.' " *Inland Refuse Transfer Co. v. Browning–Ferris Indus. of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322. *Id.* In such a case, "a court may not go beyond the plain language of the agreement to determine the parties' rights and obligations, and it may not consider parole evidence of the parties' intentions. (Citations omitted)." *Id.* The court, instead, "must give effect to the express terms of the contract." *Id.*

{¶31} As stated above, to determine if the summary judgment was appropriate in this situation, we must construe all evidence and allegations most strongly in favor of the non-moving party.

{¶32} In the instant case, the trial court considered the history between the parties, i.e. that Appellants had previously executed prior mortgages on this property as Trustee, and found that the failure to do so in this case appeared to have been the result of a mutual mistake, rather than fraud, bad faith, or inequitable conduct by Appellants. Although the trial court was presented with Affidavits signed by Appellants stating they did not inadvertently sign the Mortgage in their individual capacities, such statements, while being self-serving, also defy logic. Appellants' position that they intended to secure their Personal Line of Credit Note with a mortgage on property they do not own is not credible. Appellants' previous history of having signed multiple notes and mortgages on this property only lends support to the conclusion that Appellants' could not have intended otherwise in this instance.

{¶33} The trial court therefore found the equitable remedy of reformation appropriate.

{¶34} Upon review, we concur with the trial court analysis and find summary judgment to Appellee Huntington National Bank was appropriate.

{¶35} Appellants First Assignment of Error is overruled.

**II.**

{¶36} Appellants argue that the trial court erred in granting summary judgment in favor of Appellee Bank of America. We disagree.

{¶37} Appellants maintain that Appellee Bank of America did not have standing to file its cross-claim, arguing a break in the chain of title because the Note attached to its cross-claim did not show a specific indorsement to Bank of America, nor was it bearer paper.

{¶38} In a foreclosure action, the current holder of the note and mortgage is the real party in interest. *Wells Fargo Bank, N.A. v. Stovall,* 8th Dist. Cuyahoga No. 91802, 2010–Ohio–236, ¶15, citing *Chase Manhattan Mtge. Corp. v. Smith,* 1st Dist. Hamilton No. C–061069, 2007–Ohio–5874. Further, "a party may establish its interest in the suit, and therefore have standing to invoke the jurisdiction of the court when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note." *CitiMortgage, Inc. v. Patterson,* 8th Dist. Cuyahoga No. 98360, 2012–Ohio–5894, ¶ 21, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012–Ohio–5017, 979 N.E.2d 1214.

{¶39} "The transfer of a promissory note secured by a mortgage operates as an equitable assignment of the mortgage. *See Fed. Home Loan Mortg. Corp. v. Rufo,* 11th Dist. Ashtabula No. 2012–A–0011, 2012–Ohio–5930, ¶ 41; *Citimortgage, Inc. v. Loncar,* 7th Dist. Mahoning No. 11 MA 174, 2013–Ohio–2959, ¶ 17 ("in a foreclosure action, the holder of the note, regardless of whether it has been assigned the mortgage, has standing not only because it is the party entitled to enforce the instrument, but because it also has an equitable interest in the mortgage"); *Citimortgage, Inc. v. Patterson,* 8th Dist. Cuyahoga No. 98360, 2012–Ohio–5894, ¶ 21 (holder of the note has standing to foreclose).

{¶40} Here, the assignment of the Note and Mortgage to Appellee Bank of America, successor by merger to BAC Home Loans, Inc., LP fka Countrywide Home Loans Servicing LP was recorded on January 13, 2012. Bank of America's cross-claim was filed on February 27, 2012. We therefore find that at the time of such filing, Appellee Bank of America was the holder of the Note and Mortgage.

**{¶41}** Appellants' Second Assignment of Error is overruled.

**{¶42}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By Wise, P.J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 0113

[Cite as *Huntington Natl. Bank v. Priest*, 2014-Ohio-356.]