[Cite as *CitiMortgage, Inc. v. Brown*, 2015-Ohio-5347.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | : | APPEAL NO. C-140694 |
| | | TRIAL NO. A-1203655 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| VERNON BROWN, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| NATIONAL CHECK BUREAU, INC., et al., | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 23, 2015

*Tracye T. Hill* and *Brittany Griggs*, for Plaintiff-Appellant,

*Noel M. Morgan, Elizabeth A. Tull* and *Elizabeth A. Zak*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     If a mortgage is granted by only one of two joint tenants, and the mortgaging joint tenant dies, may the bank enforce the mortgage against the surviving joint tenant?  This question is at the center of this appeal by a bank in a foreclosure case.  We agree with the trial court that the death of the mortgaging joint tenant extinguishes the mortgage.  Thus, we affirm the trial court's judgment that the surviving joint tenant owns the property free of the mortgage.

## I.  Background

{¶2}     Vernon and Theresa Brown purchased a home in 2000.  The purchase contract conveyed the property to the Browns in a joint tenancy with the right of survivorship.  Theresa, however, was the sole borrower on the note.  The mortgage identified the mortgagor as only Theresa, and just Theresa signed the signature line of the mortgage.   Theresa's typewritten name on the mortgage is followed by a hand written notation "married to Vernon Brown who signs with the sole intent of releasing dower."   Theresa's signature is on the signature line of the mortgage above her typewritten name.  Vernon's signature appears only at the bottom of the mortgage.

{¶3}     CitiMortgage assumed the mortgage when it merged with the originating lender.  In 2005, CitiMortgage entered into a loan modification with Theresa.  Although both Theresa and Vernon signed the new note, the note identified only Theresa as "borrower."

{¶4}     In May 2012, CitiMortgage filed a suit for foreclosure.  The suit sought payment of the unpaid amounts due on the note and to foreclose on the mortgage.  The complaint also sought reformation of the mortgage, asserting "that due to an inadvertent mutual mistake, the mortgage deed was executed to release dower only."  In addition to

arguing mutual mistake, the bank claimed that it was entitled to reformation of the mortgage to avoid unjust enrichment to Vernon. Vernon filed a counterclaim seeking a declaratory judgment that his interest in the property was not encumbered by the mortgage.

{¶5} Theresa died in November 2012, while the action was still pending. Both parties filed cross-motions for summary judgment, and a decision was issued by a magistrate of the common pleas court. The magistrate found that upon Theresa's death, Vernon took the property subject to the mortgage but that the mortgage encumbered only Theresa's half-interest. The magistrate found that CitiMortgage could order the sale of the entire property "but must preserve Vernon Brown's one-half interest by accordingly paying the sale proceeds to him before judgment creditors."

{¶6} Both parties filed objections to the magistrate's decision. The common pleas court reversed the magistrate and found that the death of Theresa extinguished the mortgage. As a result, the court found that Vernon owned the property free of the mortgage.

## II. The Mortgage was Extinguished Upon Theresa's Death

{¶7} In its first assignment of error, CitiMortgage argues the trial court erred when it rejected the magistrate's finding that it held a mortgage lien against Theresa's one-half interest in the property and granted summary judgment in favor of Vernon. CitiMortgage contends that Theresa's interest was not extinguished upon her death, but instead was transferred to Vernon subject to the mortgage.

### A. Under the Plain Terms of R.C. 5302.20(C)(2), CitiMortgage's Interest Terminated Upon Theresa's Death

{¶8}    The Browns held the property as joint tenants with a right of survivorship.  By statute in Ohio, such a tenancy is a "survivorship tenancy."  R.C. 5302.20(A).  In such an estate, both tenants hold an "equal share of the title during their joint lives."  R.C. 5302.20(B).  Upon the death of one of two joint tenants, the other tenant becomes fully vested with title to the property as the sole title holder.  *Id.*

{¶9}    At common law, a conveyance by less than all of the joint tenants would sever the joint tenancy.  *See* 4 *Thompson on Real Property*, Section 31.08(b) (2d Thomas Ed.2004).  Upon severance, the tenants would no longer hold undivided interest as joint tenants, but would hold separate interests as tenants in common.  *Id.* But under Ohio's statutory scheme, a conveyance by less than all of the joint tenants does not sever the joint tenancy.  Rather,

> a conveyance from any survivorship tenant, or from any number of survivorship tenants that is less than all of them, to a person who is not a survivorship tenant vests the title of the grantor or grantors in the grantee, conditioned upon the survivorship of the grantor or grantors of the conveyance and does not alter the interest or the title of any of the other survivorship tenants who do not join in the conveyance.

R.C. 5302.20(C)(2). Thus, Theresa's conveyance of the mortgage did not sever the survivorship tenancy.  But the only interest that CitiMortgage held was one that was "conditioned" upon her survival.  Because the conveyance was conditional upon Theresa's survival, CitiMortgage's mortgage interest was terminated upon her death. Vernon took the property free of the mortgage.

4

{¶10}    We dealt with a similar problem in *Murphy v. Murphy*, 77 Ohio App.3d 573, 602 N.E.2d 1216 (1st Dist.1991).    There, one joint tenant executed a deed purporting to transfer his undivided one-half interest in the joint tenancy.  *Murphy* at 574.   When the transferring joint tenant died, the person who ultimately acquired the interest sought to partition the property.  We held that the death of the transferring joint tenant extinguished the transferee's interest, and the surviving joint tenant held full title to the property.  "A survivorship tenant," we explained, "can only alienate his interest to a third party subject to the right of survivorship."  *Id.* at 577.  Thus, because the inter vivos transfer was subject to the right of survivorship, the transfer failed upon the death of the transferor.  The surviving joint tenant became the sole owner of the property in fee simple absolute.  *Id.  Murphy* was decided after the enactment of R.C. 5302.20 but the conveyance took place before the effective date of the statute.  We did not reach the question of whether the statute had retroactive application because we determined the result would be the same under both the statute and prior Ohio law.  *Id.* at 576.

{¶11}    Indeed, while R.C. 5302.20(C)(2) applies to interests in real property, the result reached under the section is consistent with generally applicable principles of a joint tenancy with right of survivorship in Ohio.  In *Certificates of Deposit Issued by Hocking Valley Bank*, 58 Ohio St.3d 172, 174, 569 N.E.2d 484 (1991), a bank issued certificates of deposit to joint tenants with the right of survivorship.  One of the joint tenants granted the bank a security interest in the certificates of deposit.  *Certificates of Deposit* at 173.  When the joint tenant who granted the security interest died, the bank sought to enforce its security interest against the surviving joint tenant.  *Id.* The court ruled that the bank's security interest did not survive the death of the joint tenant.  *Id.* at 174.  The joint tenant could convey no more of an interest than he possessed.  *Id.*  Because he possessed "no more than a lifetime interest" in the

certificates of deposit, the bank's interest terminated at his death. *Id.* Upon the death of the other joint tenant, the surviving joint tenant became "full owner of the certificates free from the bank's security interests." *Id.* at 173; *see* 20 American Jurisprudence 2d, Cotenancy and Joint Ownership, Section 8 (2015) (The "surviving joint tenant becomes the absolute owner of the property held in joint tenancy, upon the death of the cotenant, free of the claims of the heirs or creditors of the deceased.").

{¶12} Thus, under both the plain terms of R.C. 5302.20(C)(2) and general principles of Ohio law, the trial correct correctly found that CitiMortgage's interest was extinguished upon Theresa's death.

### B. We Disagree with the Twelfth Appellate District's Decision in *Fannie Mae v. Winding*

{¶13} CitiMortgage's argument that the mortgage survived Theresa's death is premised almost exclusively on the Twelfth Appellate District's decision in *Fannie Mae v. Winding*, 2014-Ohio-1698, 10 N.E.3d 799 (12th Dist.). To fully understand why we disagree with the result reached in *Winding*, it is helpful to take a step back and examine the common law notion of a tenancy in common.

{¶14} At common law, as Blackstone explained, joint tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by the same undivided possession (the "four unities"). 2 Blackstone, *Commentaries on the Law of England*, 180-82 (1766). A conveyance by one joint tenant disrupts the unity of interest and thus severs the joint tenancy creating a tenancy in common. *See* 4 *Thompson on Real Property*, Section 31.08(b) (2d Thomas Ed.2004).

{¶15} A mortgage was considered a conveyance of title at common law. Under this title theory, the conveyance of a mortgage severs the joint tenancy, because it disrupts the unity of interest. *Id.* Because the joint tenancy has been severed, the mortgage is enforceable against the mortgagee's half-interest even after death. *See, e.g.,* *Land Am. Commonwealth Title Ins. Co. v. Kolozetski*, 159 N.H. 689, 992 A.2d 681 (2010); *Schaefer v. Peoples Heritage Sav. Bank*, 669 A.2d 185 (Me.1996). In contrast, in jurisdictions where a mortgage has been held to operate as merely a lien, the mortgage does not sever the joint tenancy. *See, e.g.,* *Harms v. Sprague*, 105 Ill.2d 215, 224, 473 N.E.2d 930 (1984); *Smith v. Bank of Am.*, 103 A.D.3d 21, 957 N.Y.S.2d 705, 709 (2d Dept.2012). If the mortgagor dies before the other joint tenant, the mortgage is extinguished and the surviving tenant takes free of the mortgage. *Harms* at 224; *Smith* at 709. This is because the surviving joint tenant takes the property by virtue of the conveyance that created the joint tenancy, not as the successor of the deceased. *Harms* at 224.

{¶16} In *Winding*, the Twelfth District was confronted with a situation remarkably similar to the one before us. Only one joint tenant had granted a mortgage, the mortgagee joint tenant died and the bank sought to enforce the mortgage against the surviving joint tenant. *Winding*, 2014-Ohio-1698, 10 N.E.3d 799. The court reasoned that R.C. 5302.20(C)(2) does not apply to mortgages, because a mortgage constitutes a security interest (or a lien), rather than a conveyance of title. *Id.* at ¶ 23. The court then concluded that the mortgage was not extinguished by the cotenant's death, but rather would continue to be enforceable against one-half of the estate. *Id.* at ¶ 30.

{¶17} As an initial matter, the *Winding* court's conclusion that R.C. 5302.20(C)(2) does not apply because a mortgage is a security interest is difficult to

reconcile with the statute. Ohio has been characterized as neither a pure lien-theory nor a pure title-theory state. 1-17 Curry and Durham, *Ohio Real Property Law and Practice*, Section 17.01[1] (Matthew Bender Rev.Ed.). The Ohio Supreme Court has "explained that while a mortgage is a lien for a debt, it also is a conveyance of property that passes the property conditionally to the mortgagee as well as a transfer of property as security for the debt." *FirstMerit Bank, N.A. v. Inks*, 138 Ohio St.3d 384, 2014-Ohio-789, 7 N.E.3d 1150, ¶ 23. Thus, under its plain terms, R.C. 5302.20(C)(2) applies to a mortgage. The granting of the mortgage by Theresa was a "conveyance" that vested the mortgage interest in the bank "conditioned upon the survivorship" of Theresa. *See* R.C. 5302.20(C)(2). When Theresa did not survive, the conditional mortgage interest held by CitiMortgage disappeared under the terms of the statute.

{¶18} Furthermore, while the *Winding* court characterizes Ohio as a lien-theory state, the result it reaches is directly contrary to a lien theory of mortgages. As explained above, under the lien theory, the mortgage does not survive the death of the joint tenant. *See Harms*, 105 Ill.2d at 224, 473 N.E.2d 930; *Smith*, 103 A.D.3d 21, 957 N.Y.S.2d at 709.

{¶19} Not only is the *Winding* result contrary to the vast line of authority applying a lien theory of mortgages, it is also directly contrary to the Ohio Supreme Court's decision in *Certificates of Deposit Issued by Hocking Valley Bank*, 58 Ohio St.3d 172, 569 N.E.2d 484. As that case makes clear, a security interest granted by only one joint tenant terminates upon the death of the joint tenant.

{¶20} We are not alone in our disagreement with the result reached in *Winding*. As a leading treatise on Ohio property law explains, the result in *Winding* "appears to be inconsistent with the terms and intent of the statute." 1-4 Curry and Durham, Section 4.01. The treatise goes on to quote a national commentator who notes

"there is nothing in the Ohio joint survivorship tenancy statute that requires (or justifies) the court's conclusion. * * * The fact that a mortgage creates only a lien does not mean that the grant of a mortgage is not a conveyance." *Id.,* quoting Posting of R. Wilson Freyermuth, freyermuthr@missouri.edu, to *DIRT Periodic Developments (Concurrent Ownership Edition)*, https://groups.google.com/forum/#!msg/nyclarealprop/C8ANXDtpyg8/jWJ1VzipPnMJ (July 31, 2014).

### C. R.C. 5302.20(C)(4) has No Application in this Case

{¶21} As we have seen, Ohio has modified the common law rule, that a conveyance by one joint tenant severs the joint tenancy. Ohio does, however, have a statutory vehicle to protect creditors of one joint tenant. R.C. 5302.20(C)(4) provides:

> A creditor of a survivorship tenant may enforce a lien against the interest of one or more survivorship tenants by an action to marshall liens against the interest of the debtor or debtors. Every person with an interest in or lien against the interest of the debtor or debtors shall be made a party to the action. Upon a determination by the court that a party or cross-claimant has a valid lien against the interest of a survivorship tenant, the title to the real property ceases to be a survivorship tenancy and becomes a tenancy in common.

CitiMortgage maintains that because it filed a foreclosure suit this section applies, and that it may enforce its mortgage against the half interest in the property that was held by Theresa before her death.

{¶22} CitiMortgage's argument is defeated by the plain language of the statute. The statute allows a creditor to enforce a lien by transforming the estate to a tenancy in common only "upon a determination by the court" that the party has a valid lien. R.C. 5302.20(C)(4). In this case, CitiMortgage filed a foreclosure action, but Theresa died

before any "determination by the court." *See* R.C. 5302.20(C)(4). Thus, the estate remained a joint tenancy at Theresa's death and Vernon took the property free of the mortgage. *See Brown v. Brown*, 95 Ohio Misc.2d 38, 41, 706 N.E.2d 872 (C.P.1998).

### D. The Outcome We Reach Does Not Create Commercial Uncertainty

{¶23} CitiMortgage also asks that we rule in its favor because to do otherwise would create commercial uncertainty and be unfair to banks that have received a mortgage from only one joint tenant. We are not persuaded.

{¶24} We note the commentator who analogized the question of a mortgage by one joint tenant to a "comet in our law," "an intriguing academic question of little practical significance" because "[i]t is a rare (or negligent) commercial lender who would accept a mortgage from a joint tenant without first seeing that the joint tenancy was severed or that all the joint tenants had signed." *See* 4 *Thompson on Real Property*, Section 31.08(b). This strikes us as about right.

{¶25} Courts do not create uncertainty when they follow basic principles of property law; they create uncertainty when they fail to follow such principles. To ignore a clear Ohio statute simply because the bank perceives the result to be unfair in this case, would create the very uncertainty that the CitiMortgage warns against. If banks want to avoid situations like this one, they simply need to ensure that every joint tenant has signed the mortgage. The first assignment of error is overruled.

### III. No Reformation or Equitable Lien

{¶26} In its second assignment of error, CitiMortgage contends that the trial court erred when it held that CitiMortgage was not entitled to reformation of the mortgage and an equitable lien on Vernon's one-half interest in the property. First, CitiMortgage claims it is entitled to reformation, because the mortgage includes a

handwritten note indicating that Vernon was signing with the sole intent to release dower. Second, CitiMortgage contends it is entitled to an equitable lien on Vernon's interest, because he would be unjustly enriched if he received full, unencumbered title to the property.

## A. Reformation

{¶27} CitiMortgage argues the handwritten note releasing dower entitles it to reformation, because Vernon had no dower interest to release. Dower does not apply to spouses who own property as joint tenants, because dower is only provided to nontitle-holding spouses. *Std. Fed. Bank v. Staff*, 168 Ohio App.3d 14, 2006-Ohio-3601, 857 N.E.2d 1245 ¶ 16 (1st Dist.). Therefore, CitiMortgage contends, we should disregard this superfluous language leaving only Vernon's name and signature.

{¶28} A court's role in examining a contract is to determine the intent of the parties. *See Hodesh v. Korelitz*, 123 Ohio St.3d 72, 2009-Ohio-4220, 914 N.E.2d 186, ¶ 10. Where a contract's terms are unambiguous, a court must apply the plain language of the contract. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995). Mortgages are subject to the same rules of interpretation and analysis as contracts generally. *First Fed. S. & L. Assn. of Toledo v. Perry's Landing Inc.*, 11 Ohio App.3d 135, 143, 463 N.E.2d 636 (6th Dist.1983). The purpose of an equitable reformation is to apply a valid instrument in the way the parties intended. *Campbell v. Krupp*, 195 Ohio App.3d 573, 2011-Ohio-2694, 961 N.E.2d 205, ¶ 55 (6th Dist.), citing *Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282, 286, 209 N.E.2d 194 (1965).

{¶29} Here, there is simply no evidence that the parties intended Vernon's notation to indicate that he was granting a mortgage. Absent some indication that

11

that was what the parties intended, we will not grant the equitable remedy of reformation.

## B. Equitable Lien

{¶30} CitiMortgage also claims it is entitled to an equitable lien. An equitable lien is "a charge on property for the purpose of security and is ancillary to and separate from the debt itself." 66 Ohio Jurisprudence 3d, Liens, Section 16 (2015). It is "a right, not acknowledged in law, to have a fund, or specific property, or its proceeds, applied, in whole or in part to the payment of a particular debt or class of debts." *Id.* An equitable lien may arise from either (1) a written agreement that evidences the intent to make a particular property a security for a debt or obligation, or (2) through implication by a court of equity after consideration of right and justice as applied to the relationships of the parties and the surrounding circumstances. *Katz v. Banning*, 84 Ohio App.3d 543, 551, 617 N.E.2d 729 (10th Dist.1992), citing *Syring v. Sartorious*, 28 Ohio App.2d 308, 311, 277 N.E.2d 457 (4th Dist.1971). The denial of an equitable lien is within the sound discretion of the trial court, and so, we review for abuse of discretion. *In re Estate of Ring*, 10th Dist Franklin No. 06AP-801, 2007-Ohio-500, ¶ 9.

{¶31} As the assignee of the mortgage, CitiMortgage stands in the shoes of its predecessor. *See Wells Fargo Bank v. Mowery*, 187 Ohio App.3d 268, 2010-Ohio-1650, 931 N.E.2d 1121, ¶ 39 (4th Dist.2010). The failure to obtain a mortgage from Vernon was evidently the result of the negligence of CitiMortgage's predecessor. While equity may sometimes relieve a party of the result of negligence that is excusable, it will not relieve a party from inexcusable negligence. *Id.* Here, the mortgage document was prepared by the bank and the omission of Vernon from the mortgage is evident from a simple examination of the mortgage. CitiMortgage

even entered into a loan modification without attempting to rectify the situation. As the Fourth District noted in *Mowery* in denying the equitable remedy of reformation, "a mortgage company's failure to learn the most basic facts about a mortgaged property cannot be excusable negligence." *Id.* at ¶ 38. The negligence of the banks in this case was not excusable. The trial court did not abuse its discretion in failing to impose an equitable lien. CitiMortgage's second assignment of error is overruled.

## IV. Conclusion

{¶32}  The judgment of the trial court is affirmed.

Judgment affirmed.

**FISCHER, P.J.,** concurs.
**STAUTBERG, J.,** concurs in judgment only.

Please note:

The court has recorded its own entry on the date of the release of this opinion.