[Cite as *Cardinal Fin. Co., L.P. v. Filgueiras*, 2019-Ohio-2043.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Cardinal Financial Company, L.P. | Court of Appeals No. L-18-1211 |
| Appellee | Trial Court No. CI0201702288 |
| v. | |
| Gessica Tuany Santos Filgueiras, et al. | **DECISION AND JUDGMENT** |
| Appellant | Decided: May 24, 2019 |

* * * * *

Russell J. Kutell, Ashley L. Oliker, Ronald Chernek, Douglas Haessig
and Darryl E. Gormley, for appellee.

Douglas A. Wilkins, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this foreclosure action, appellant, Gessica Tuany Santos Filgueiras, appeals the judgment of the Lucas County Court of Common Pleas, which struck her counterclaim and affirmative defenses, and granted summary judgment in favor of appellee, Cardinal Financial Company. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} The following facts are undisputed. On January 16, 2015, appellant's now deceased husband executed a note, promising to pay appellee $182,848. Appellant was not a borrower on the note.

{¶ 3} On the same day, a mortgage was executed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for appellee in order to secure the note. The mortgage encumbered the ownership interests of appellant and her deceased husband in their property located at 5159 Fairmeadow Drive, Sylvania, Lucas County, Ohio. Both appellant and her husband were defined as "borrowers" under the mortgage. Further, appellant signed the mortgage as a borrower. Relevant here, the terms of the mortgage provided, "[A]ny Borrower who co-signs this Security Instrument but does not execute the Note (a 'co-signer'): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; * * *.

{¶ 4} Subsequently, the note went into default. On April 7, 2017, appellee initiated the present foreclosure action. Appellant answered and provided affirmative defenses as well as counterclaims for declaratory judgment and quiet title based upon the premise that she signed the mortgage solely to subordinate her dower interest, and thus did not convey her entire ownership interest in the property. Consequently, appellant's

2.

position is that when her husband died, appellee's mortgage extinguished and she became the sole owner of the property by operation of law.

{¶ 5} On October 23, 2017, appellee moved for partial judgment on the pleadings with respect to appellant's counterclaims, and moved to strike appellant's affirmative defenses. Appellee argued that appellant's counterclaims and affirmative defenses were based on the false premise that she signed the mortgage solely to subordinate her dower interest. Appellee asserted that the clear terms of the mortgage revealed that appellant encumbered all of her interest in the property, and that nothing in the mortgage indicated appellant's intent to only subordinate her dower interest.

{¶ 6} Appellant opposed appellee's motion, arguing that she in fact did sign the mortgage solely for the purpose of subordinating her dower interest. Appellant then relied on *CitiMortgage, Inc. v. Brown*, 2015-Ohio-5347, 45 N.E.3d 258 (1st Dist.). In that case, Theresa and Vernon Brown purchased property as joint tenants with a right of survivorship. Theresa, however, was the only one to sign the note, and was the only person listed on the mortgage. The only reference to Vernon in the mortgage was a handwritten notation under Theresa's name stating "married to Vernon Brown who signs with the sole intent of releasing dower." Vernon's signature only appeared on the bottom of the mortgage, not on the signature line. Eventually, Theresa defaulted on the note, and the bank initiated a foreclosure action. While the matter was pending, Theresa died. The First District held that Theresa's death extinguished the bank's mortgage, and Vernon

3.

took the property unencumbered. *Id.* at ¶ 9. Appellant concluded that the same result should be present here.

{¶ 7} On April 3, 2018, the trial court granted appellee's motion for partial judgment on the pleadings and to strike appellant's affirmative defenses. In granting the motion, the trial court found that the mortgage encumbered appellant's full interest in the property, and was not limited to her dower interest. Appellant appealed the trial court's April 3, 2018 judgment, but we dismissed the appeal for lack of a final appealable order.

{¶ 8} Thereafter, on June 1, 2018, appellee moved for summary judgment on its foreclosure action. Appellant opposed the motion for summary judgment, only repeating her argument that she signed the mortgage for the purpose of subordinating her dower interest. This time, in support, appellant attached her own affidavit in which she stated "She executed the Mortgage * * * solely for the purpose of subordinating her dower interest to Plaintiff." On September 6, 2018, the trial court granted appellee's motion for summary judgment.

## II. Assignment of Error

{¶ 9} Appellant has timely appealed the trial court's September 6, 2018 judgment, and now asserts one assignment of error for our review:

> 1. The lower court erred in striking Gessica's counterclaim and affirmative defenses and granting Cardinal's summary judgment.

4.

### III. Analysis

{¶ **10**} We review the grant of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ **11**} In support of her assignment of error, appellant asserts that she executed the mortgage solely for the purpose of subordinating her dower interest. She further argues that appellee has not provided any sworn testimony refuting that claim. Thus, she concludes that because she did not legally mortgage her interest to appellee, appellee's right to foreclose extinguished when appellant's husband died, and therefore, the trial court erred in granting summary judgment to appellee.

{¶ **12**} Appellee, on the other hand, argues that the plain terms of the mortgage indicate that appellant signed as a borrower and encumbered all of her rights to the property.

{¶ **13**} As stated in *SFJV 2005, L.L.C. v. Ream*, 187 Ohio App.3d 715, 2010-Ohio-1615, 933 N.E.2d 819, ¶ 22 (2d Dist.):

5.

We review the mortgage under general principles of contract law. "Courts presume that the intent of the parties to a contract resides in the language they have chosen to employ in the agreement." *Fountain Skin Care v. Hernandez,* 175 Ohio App.3d 93, 2008-Ohio-489, 885 N.E.2d 286, ¶ 22 (2d Dist.), citing *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 361, 678 N.E.2d 519 (1997). "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Inland Refuse Transfer Co. v. Browning–Ferris Indus. of Ohio, Inc.*, 15 Ohio St.3d 321, 322, 474 N.E.2d 271 (1984). Under such circumstances, a court may not go beyond the plain language of the agreement to determine the parties' rights and obligations, and it may not consider parole evidence of the parties' intentions. *Fountain Skin Care* at ¶ 22; *Cincinnati Ins. Co. v. CPS Holdings, Inc.,* 115 Ohio St.3d 306, 2007-Ohio-4917, 875 N.E.2d 31, ¶ 7. Instead, the court must give effect to the express terms of the contract. *Id.*

{¶ 14} Here, unlike *Brown*, 2015-Ohio-5347, 45 N.E.3d 258, appellant is unambiguously listed in the mortgage as a borrower, and signed as a borrower. As such, appellant agreed to "mortgage, grant and convey" her property to appellee. More directly related to appellant's circumstances, the mortgage provides that, "[A]ny Borrower who co-signs this Security Instrument but does not execute the Note (a 'co-signer'): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's

6.

interest in the Property under the terms of this Security Instrument." Importantly, nowhere in the mortgage is any limitation on appellant's conveyance, or any indication that she intended to subordinate only her dower interest. Thus, we find that the plain language of the mortgage controls, and we hold that appellant's entire interest in the property is encumbered by the mortgage. Furthermore, we hold that appellant's self-serving affidavit is parole evidence that is insufficient to create a genuine issue of material fact regarding the interest that she conveyed. Therefore, we find no merit to appellant's argument, and we conclude that the trial court did not err when it awarded summary judgment in favor of appellee on its complaint in foreclosure.

{¶ 15} Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 16} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

7.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE